ORIGINAL FILED
08 MAY 16 PM 3:13
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Marc Van Der Hout (California Bar # 80778)
Beth Feinberg (California Bar # 240857)
Van Der Hout, Brigagliano & Nightingale, LLP
180 Sutter Street, Fifth Floor
San Francisco, California 94104
Telephone: (415) 981-3000
Facsimile: (415) 981-3003
Email: ndca@vblaw.com

Attorneys for Petitioner
Bernard John HARRISON

E-filing

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

Bernard John HARRISON

Petitioner,

v.

Rosemary MELVILLE, in her Official Capacity, District Director, United States Department of Homeland Security, United States Citizenship and Immigration Services, San Francisco, California; Robin BARRETT, in her Official Capacity, Field Officer Director, United States Citizenship and Immigration Services, United States Department of Homeland Security, San Francisco, California; Jonathan SCHARFEN, in his official Capacity, Acting Director, United States Citizenship and Immigration Services, United States Department of Homeland Security; Michael CHERTOFF, in his Official Capacity, Secretary, United States Department of Homeland Security; Michael B. MUKASEY, in his Official Capacity, Attorney General, United States Department of Justice; and Robert S. MUELLER, III, in his Official Capacity, Director, Federal Bureau of Investigation

Respondents.

Case No: CV 08 2519 MMC

**PETITION FOR NATURALIZATION PURSUANT TO 8 U.S.C. § 1447(b)**

Immigration Case

USCIS No.: A035-265-469

**INTRODUCTION**

1. Petitioner Bernard John HARRISON ("Petitioner") files this Petition for Naturalization pursuant to section 336(b) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1447(b), requesting that this Court adjudicate his application for naturalization and grant him naturalization or, if necessary, order that a hearing take place in this matter.

2. Petitioner files this Petition for Naturalization because the United States Department of Homeland Security ("DHS") in San Francisco, California, has failed to make a determination regarding his application for naturalization for well over 120 days since the naturalization examination was conducted at the United States Citizenship and Immigration Services ("USCIS") office in San Francisco, California on February 15, 2006. See 8 U.S.C. § 1447(b). His application has now been pending for two years and three monthssince the date of his interview.

3. Petitioner is a 58-year-old citizen and national of the United Kingdom, who has been a lawful permanent resident of the United States since August 8, 1976. See Declaration of Beth Feinberg ("Feinberg Dec.") at Exh. A. Petitioner filed an Application for Naturalization (Form N-400) with USCIS on October 3, 2005. Id. at Exh. B. His naturalization interview was held in San Francisco, California on February 15, 2006. Id. at Exh. D. He was subsequently informed that he had passed the naturalization examination but that a decision could not be made on his application because his case was "pending for security checks." Id.

4. Petitioner meets all statutory requirements for naturalization. See 8 U.S.C. § 1427(a). However, in the over two years since he had his naturalization interview, DHS has taken no apparent action to adjudicate his naturalization application. See 8 U.S.C. § 1447(b).

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 8 U.S.C. § 1447(b) (United States District Court may determine naturalization application when DHS has failed to determine the matter within 120 days of the date on which the naturalization examination was conducted); 28 U.S.C. § 2201 (Declaratory Judgment Act); and 28 U.S.C. § 1331 (federal question jurisdiction).

6. Venue is properly with this Court pursuant to 28 U.S.C. § 1391(e) because this is a civil action in which the Respondents are employees or officers of the United States, acting in their official capacity, and an agency of the United States; because a substantial part of the events or omissions giving rise to the claim occurred in San Francisco, California, in the Northern District of California; and because the named petitioner resides in the Northern District of California, and there is no real property involved in this action. See also 8 U.S.C. § 1447(b) (venue proper in "district court for the district in which the applicant resides").

## INTRADISTRICT ASSIGNMENT

7. This action should be assigned to the San Francisco Division because a substantial part of the events and omissions giving rise to this claim occurred within the jurisdiction of that division. See Local Rules 3-2(c), (d).

## PARTIES

8. Petitioner Bernard John HARRISON is a citizen and national of the United Kingdom, and a lawful permanent resident of the United States. Petitioner resides in San Francisco, California, which is within the jurisdiction of this court.

9. Respondent Rosemary MELVILLE is the District Director of the San Francisco District Office of United States Citizenship and Immigration Services, United States Department of Homeland Security, and is sued herein in her official capacity.

10. Respondent Robin BARRETT, is the Field Officer Director of the San Francisco District Office of United States Citizenship and Immigration Services, United States Department of Homeland Security, San Francisco, California, and is sued herein in her official capacity.

11. Respondent Jonathan SCHARFEN is the Acting Director of United States Citizenship and Immigration Services, United States Department of Homeland Security, and is sued herein in his official capacity.

12. Respondent Michael CHERTOFF is the Secretary of the Department of Homeland Security, and is sued herein in his official capacity. In this capacity, he has responsibility for the administration and enforcement of the immigration and naturalization laws pursuant to section 402 of the Homeland Security Act of 2002, 107 Pub. L. No. 296, 116 Stat. 2135 (Nov. 25, 2002). See 8 U.S.C. § 1103.

13. Respondent Michael B. MUKASEY is the Attorney General of the United States, and is sued herein in his official capacity. In this capacity, he has responsibility for providing access to criminal history record information, pursuant to 8 U.S.C. §§ 1105(b) and 1103(g).

14. Respondent Robert S. MUELLER, III, is the Director of the Federal Bureau of Investigation ("FBI"), and is sued herein in his official capacity. In this capacity, he has responsibility for maintaining and providing access to criminal history record information.

//

//

//

**FACTS**

15. Petitioner is a 58-year-old citizen and national of the United Kingdom. See Feinberg Dec. at Exh. A. He has been a lawful permanent resident of the United States since August 8, 1976. Id. Petitioner currently resides in San Francisco, California. Id. at ¶ 2.

16. Petitioner filed his application for naturalization (Form N-400) with the USCIS California Service Center on October 3, 2005. Id. at Exh. B. He appeared for fingerprinting in connection with that application on November 4, 2005. Id. at Exh. C.

17. On November 13, 2005, the FBI received a name check request in Petitioner's case from USCIS. Id. at Exh. G.

18. Petitioner had his naturalization interview with USCIS Officer Xiao in San Francisco, California on February 15, 2006. Id. at Exh. D. Petitioner was informed that he passed the required tests for the examination but that a decision would not be made at that time on his application because his case was "pending for security checks." Id.

19. On February 23, 2007, Petitioner made a telephonic inquiry to USCIS regarding the status of his naturalization application. Id. at Exh. E. On February 26, 2007, USCIS issued a written response, stating that Petitioner's application had not yet been adjudicated because the background checks were still pending. Id.

20. In February of 2007, Petitioner made an in-person inquiry with USCIS at the local San Francisco field office located on Washington Street in San Francisco, CA. Id. at ¶ 7. He was informed that his application remained pending for fingerprint and name checks. Id.

21. In March of 2007, Petitioner contacted the office of United States Congresswoman Nancy Pelosi regarding the status of his pending naturalization application. Id. at Exh. F. On March 13, 2007, Congresswoman Pelosi's office responded to Petitioner

indicating that because his naturalization case had been pending for more than six months with the FBI, that Congresswoman Pelosi's office would initiate a formal inquiry to the FBI. Id.

22. On February 7, 2008, Petitioner also contacted United States Senator Dianne Feinstein for assistance in determining the status of his naturalization application. Id. at Exh. G. On February 22, 2008, Petitioner received a response from Senator Feinstein's office, stating that the USCIS inquiry would likely take eight to ten weeks. Id. On April 18, 2008, Petitioner received a second response from Senator Feinstein's office, stating that the FBI indicated that Petitioner's name check was received on November 13, 2005 and was still pending. Id.

23. On February 7, 2008, Petitioner made another telephonic inquiry to USCIS regarding the status of his naturalization application. Id. at ¶ 10. At that time, Petitioner was informed by the USCIS officer that his case was still pending the FBI name check, and that it could remain in that status indefinitely. Id.

24. Petitioner meets all the statutory requirements for naturalization pursuant to 8 U.S.C. § 1427. He has resided continuously in the United States for over five years as a lawful permanent resident, and has been physically present in the United States for more than thirty months of the five year period prior to filing his application. See 8 U.S.C. §§ 1427(a)(1), (2). In addition, Petitioner always has been and remains a person of good moral character, and has absolutely no criminal record (of arrests or convictions). See 8 U.S.C. § 1427(a)(3); 8 C.F.R. § 316.10.

25. Well over 120 days have elapsed since Petitioner's February 15, 2006 naturalization interview – in fact, it has now been two years and three months. His application for naturalization has not yet been adjudicated.

//

//

**CAUSE OF ACTION**
**COUNT ONE**
**(FAILURE TO RENDER DECISION ON NATURALIZATION WITHIN 120 DAYS OF INTERVIEW)**

26. The allegations contained in paragraphs 1 through 25 are repeated and realleged as though fully set forth herein.

27. The Department of Homeland Security has failed to adjudicate Petitioner's application for naturalization within 120 days of Petitioner's naturalization examination. Pursuant to 8 U.S.C. § 1447(b), the United States District Court for the district in which Petitioner resides "has jurisdiction over the matter and may either determine or remand the matter, with appropriate instructions, to the Service to determine the matter" if no action is taken on a naturalization application within 120 days of completion of the examination. Petitioner was interviewed on February 15, 2006, well over 120 days ago. Petitioner also meets all statutory requirements for naturalization pursuant to 8 U.S.C. § 1427(a). Therefore, this Court has the authority to adjudicate Petitioner's naturalization application.

**PRAYER FOR RELIEF**

**WHEREFORE,** Petitioner prays that this Court grant the following relief:

(1) Assume jurisdiction over this matter;

(2) If necessary, order that a hearing take place in this matter;

(3) Adjudicate Petitioner's application for naturalization and grant him naturalization;

(4) Award reasonable costs and attorneys' fees; and

(5) Grant such further relief as the Court deems just and proper.

**CAUSE OF ACTION**
**COUNT ONE**
**(FAILURE TO RENDER DECISION ON NATURALIZATION WITHIN 120 DAYS OF INTERVIEW)**

26. The allegations contained in paragraphs 1 through 25 are repeated and realleged as though fully set forth herein.

27. The Department of Homeland Security has failed to adjudicate Petitioner's application for naturalization within 120 days of Petitioner's naturalization examination. Pursuant to 8 U.S.C. § 1447(b), the United States District Court for the district in which Petitioner resides "has jurisdiction over the matter and may either determine or remand the matter, with appropriate instructions, to the Service to determine the matter" if no action is taken on a naturalization application within 120 days of completion of the examination. Petitioner was interviewed on February 15, 2006, well over 120 days ago. Petitioner also meets all statutory requirements for naturalization pursuant to 8 U.S.C. § 1427(a). Therefore, this Court has the authority to adjudicate Petitioner's naturalization application.

**PRAYER FOR RELIEF**

**WHEREFORE,** Petitioner prays that this Court grant the following relief:

(1) Assume jurisdiction over this matter;

(2) If necessary, order that a hearing take place in this matter;

(3) Adjudicate Petitioner's application for naturalization and grant him naturalization;

(4) Award reasonable costs and attorneys' fees; and

(5) Grant such further relief as the Court deems just and proper.

Dated: May 16, 2008

Respectfully submitted,

Marc Van Der Hout (California Bar # 80778)
Beth Feinberg (California Bar # 240857)
Van Der Hout, Brigagliano & Nightingale, LLP
180 Sutter Street, Fifth Floor
San Francisco, California 94104

Attorneys for Petitioner

By: ______________________
Beth Feinberg